**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

BUCKHEAD LIFE RESTAURANT GROUP, INC.,

Plaintiff,

vs. CASE NO.: 3:06CV518/MCR/EMT

HARBOR RESTAURANT GROUP, INC.,
HARBOR RESTAURANT GROUP, LLC,
DESTIN CHOPS ON 30-A, LLC, and
VILLAGE III, LLC,

Defendants.
_________________________________/

## CONSENT ORDER AND PERMANENT INJUNCTION

Plaintiff Buckhead Life Restaurant Group, Inc. ("Buckhead Life") and Defendants Harbor Restaurant Group, Inc., Harbor Restaurant Group, LLC, Destin CHOPS On 30-A, LLC, and Village III, LLC (the "Defendants") having agreed to the entry of this Consent Order and Permanent Injunction without the taking of additional proof, without trial or adjudication of the facts or law herein, and with the Defendants having agreed to waive their right of appeal and having approved of this Order as to form and content, and for good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Since 1989, Buckhead Life has owned and operated the "CHOPS" restaurant in Atlanta, Georgia and, more recently, in Boca Raton, Florida.

2. Since 1989, Buckhead Life has adopted and used certain service marks in connection with the marketing, owning and operating of its Atlanta CHOPS restaurant and the services it provides therein. By virtue of its registration and continuous use of its

service marks, Buckhead Life is the owner of all right, title and interest in and to the mark identified as "CHOPS", U.S. Registration No. 2,420,750 (the "CHOPS Mark").

3. The CHOPS Mark has become an asset of value as a symbol of Buckhead Life, Buckhead Life's goodwill, and the quality of Buckhead Life's services.

4. Harbor Restaurant Group, Inc. and Harbor Restaurant Group, LLC operate a premium steakhouse located at 414 Harbor Boulevard, Destin, Florida under the name "Destin Chops." Destin Chops was opened around late-1996 or early-1997, after Buckhead Life adopted its CHOPS Mark but before Buckhead Life registered its CHOPS Mark.

5. The Defendants recently announced that they intend to relocate Destin Chops from 414 Harbor Boulevard to the Village of South Walton Beach in Seacrest Beach, Florida in the Spring of 2007.

6. Defendants have used the name "CHOPS" to advertise and promote the relocation of their restaurant to the Village of South Walton Beach in Seacrest Beach, Florida.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

8. The Defendants are subject to the personal jurisdiction of this Court because they regularly and systematically transact business in the State of Florida, including within this judicial district. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

9. Buckhead Life is the owner of the CHOPS Mark and Buckhead Life has a valid, protectable trademark interest in the CHOPS Mark.

10. Defendants have used in commerce, without permission, authorization or approval of Buckhead Life, the CHOPS Mark in connection with the advertising and promotion of their yet-to-open restaurant in Seacrest Beach, Florida.

11. The Plaintiff contends that the Defendants' use of the CHOPS Mark in connection with the advertising and promotion of the restaurant to be relocated in Seacrest Beach, Florida if allowed to continue is likely to cause consumer confusion as to the source, affiliation and/or origin of the products and services to be offered in their yet-to-open restaurant in Seacrest Beach, Florida as evidenced by: (i) Defendants' use of identical

marks; (ii) the similarity of the products and services offered by the Defendants and Buckhead Life; (iii) the similarity of the channels through which those products and services are marketed; and (iv) the overlap of customers and potential customers of the services and products offered by the Defendants and Buckhead Life. The Defendant disagrees.

12. The Plaintiff contends that the Defendants' continued use of the CHOPS Mark in connection with the sale, offering for sale, and advertising of the products and services to be offered in their yet-to-open restaurant in Seacrest Beach, Florida is likely to cause harm to Buckhead Life. The Defendant disagrees.

13. To resolve their differences and the issues raised in this litigation, the parties have stipulated and consented to the Injunctive Relief described below.

**INJUNCTIVE RELIEF**

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that the Defendants, their officers and Jim Altamura and Paul Owens are hereby permanently enjoined from directly or indirectly using the CHOPS Mark, collectively or individually, in any manner including, but not limited to, in connection with advertising, promoting or operating any restaurant under the CHOPS Mark or any confusingly similar derivative thereof; except as follows:

1. Subject to the conditions in paragraph 2 below, the Defendants may continue to use the name "Destin CHOPS" in connection with the restaurant located at 414 Harbor Boulevard, Destin, Florida and, if at such any time as the Destin CHOPS restaurant located at 414 Harbor Boulevard, Destin, Florida closes, the Defendants may reopen that restaurant in the Village of South Walton Beach, located in Seacrest Beach, Florida under the name "Destin CHOPS on 30A."

2. The exception in paragraph 1 above is conditioned on the following:

a) Within 30 days of the entry of this Consent Order and Permanent Injunction, a disclaimer shall be added to the menus and website for the Destin CHOPS restaurant specifically indicating that Destin CHOPS is not affiliated with Buckhead Life or its CHOPS restaurants.

b) the disclaimer in paragraph (a) shall likewise be applied to the menus and website of Destin CHOPS on 30A, if and when that restaurant opens;

c) the Defendants shall not use the name “CHOPS” on signage, telephone listings, menus, employee uniforms or other advertising for the Destin CHOPS restaurant, unless that name is immediately preceded by “Destin”;

d) the Defendants shall not use the name “CHOPS” on signage, telephone listings, menus, employee uniforms or other advertising for the Destin CHOPS on 30A restaurant, unless that name is immediately preceded by “Destin” and succeeded by “on 30A”;

e) The term “Destin” that precedes “CHOPS” shall be in the same proportion to the term “CHOPS” as is shown in the photograph attached hereto as Exhibit “1”; and

f) the Defendants shall not be permitted to own or operate the Destin CHOPS and Destin CHOPS on 30A restaurants at the same time.

It is hereby further ORDERED, ADJUDGED and DECREED that:

(a) The Clerk is directed to enter this Consent Order and Permanent Injunction forthwith, and this injunctive relief shall take effect immediately upon entry thereof.

(b) Within three (3) business days of the entry of this Consent Order and Permanent Injunction, the Defendants shall provide a copy of this Consent Order and Permanent Injunction to their officers and Jim Altamura and Paul Owens.

(c) This Court will retain jurisdiction for the purpose of enforcing this Consent Order and Permanent Injunction, as necessary.

(d) The parties shall each bear their own costs and attorney’s fees.

**ORDERED and ADJUDGED** this 27th day of April, 2007.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

BUCKHEAD LIFE RESTAURANT GROUP, INC.,

Plaintiff,

vs. CASE NO.: 3:06CV518/MCR/EMT

HARBOR RESTAURANT GROUP, INC., HARBOR RESTAURANT GROUP, LLC, DESTIN CHOPS ON 30-A, LLC, and VILLAGE III, LLC,

Defendants.
___________________________________/

**EXHIBIT 1 TO CONSENT ORDER AND PERMANENT INJUNCTION**

